

# Fourth Court of Appeals
## San Antonio, Texas

November 21, 2016

No. 04-16-00519-CV

Loren **BREWER**,
Appellant

v.

**SCHLUMBERGER TECHNOLOGY CORPORATION**, Schlumberge, N.V. a/k/a
Schlumberger Limited and Jose Salazar Jr.,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 14-09-53692-CV
Honorable Richard C. Terrell, Judge Presiding

## O R D E R

The clerk's record was filed October 7, 2016. Our review of the clerk's records shows appellant filed a notice of appeal in which he contends he is appealing the "FINAL SUMMARY JUDGMENT" signed May 12, 2016. After reviewing the clerk's record, it initially appears appellant brought sought against, and served: (1) Schlumberger Technology Corporation; (2) Schlumberger, N.V. a/k/a Schlumberger Limited; (3) Rig Relocators, LLC; (4) Rig Relocators; and (5) Jose Salazar Jr. The record shows the trial court granted summary judgment in favor of the Schlumberger entities by order signed May 12, 2016. On that same date, by separate order, the trial court granted summary judgment in favor of Salazar. However, we can find no order, judgment, or other document disposing of the claims against Rig Relocators, LLC and Rig Relocators. We recognize appellees contend these last two entities were never served, but the documents in the record suggest otherwise.

Accordingly, based on our review of the record, it appears there is no order or judgment in this case disposing of appellant's claims against Rig Relocators, LLC or Rig Relocators. Thus, the summary judgments rendered in favor of the Schlumberger entities and Salazar are interlocutory. In other words, there is no judgment or order — or series of judgments or orders — disposing of all the claims and parties in this case. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* There is no final judgment in the clerk's record, and we have found no authority permitting an interlocutory appeal from partial summary judgment orders in the circumstances

presented here. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction).

Accordingly, we **ORDER** appellant to file a written response in this court on or before **December 21, 2016**, showing cause why this appeal should not be dismissed for want of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). **If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the district clerk to prepare one and must notify the clerk of this court in writing within December 1, 2016 that such a request was made**. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the trial court, appellant, appellees, and the district clerk.

_____
Marialyn Barnard, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of November, 2016.

_____
Keith E. Hottle
Clerk of Court